**Harry RED EAGLE and Mary Red Eagle**

v.

**The UNITED STATES.**

**No. 352–59.**

United States Court of Claims.

March 7, 1962.

Marvin J. Sonosky, Washington, D. C., for plaintiffs.

Philip R. Miller, Washington, D. C., with whom was Asst. Atty. Gen., Louis F. Oberdorfer, for defendant. Edward S. Smith and Eugene Emerson, Washington, D. C., were on the brief.

PER CURIAM.

This case was referred pursuant to Rule 45(a), 28 U.S.C., to Trial Commissioner Marion T. Bennett, with directions to make findings of fact and recommendations for conclusions of law. The commissioner has done so in a report filed July 27, 1961. Plaintiffs elected to submit the case on the commissioner's report without brief. Defendant filed its exceptions to the commissioner's report and brief and the case was submitted to the court on oral argument by counsel for the parties. Since the court is in agreement with the findings and recommendations of the trial commissioner, as hereinafter set forth, it hereby adopts the same as the basis for its judgment in this case. Therefore, the plaintiff Harry Red Eagle is entitled to recover, and judgment, together with interest as provided by law, will be entered in his favor in the sum of $334.82. Since the plaintiff Mary Red Eagle is not entitled to recover because she did not exhaust her administrative remedies by filing a claim for refund, the petition as to her will be dismissed.

It is so ordered.

Plaintiffs in this income tax refund case are husband and wife and are fullblood, adult, noncompetent Osage Indians. Each had, during the period involved in the suit, an interest in the Osage tribal trust fund by virtue of both an original headright and an inheritance interest. During the year 1951 Harry Red Eagle's income totaled $2,515.55, of which $1,602.58 represented headright income. Mary Red Eagle's income totaled $2,792.80, of which $2,048.24 represented headright income. This income was collected by an authorized agent of the Secretary of the Interior and credited to each taxpayer's trust account from which disbursements were periodically made when approved by defendant.

A joint Federal income tax return for the plaintiffs for the calendar year 1951 was prepared and filed on March 15, 1952, by or under the supervision of the Superintendent of the Osage Indian Agency. The return reflected a total tax liability of $729.82. This sum was paid by defendant by taking from the trust account of Harry Red Eagle the sum of $334.82 and $395 from the trust account of Mary Red Eagle. Mary filed no claim for refund but Harry filed one on June 15, 1959. His claim was formally disallowed on July 16, 1959, and this suit followed. There is no issue raised respecting income from sources other than headrights.

Except as here shown, the facts of this case are similar to those of Hayes Big

Eagle, et al. v. United States, Ct.Cl., 300 F.2d 765, No. 158–59, in which findings and an opinion were filed today. The instant case raises all of the legal issues discussed in Hayes Big Eagle. It presents no additional issues, for the court on January 29, 1960, denied defendant's motion to dismiss the petition on the ground that the claim for refund was not timely filed as required by the Internal Revenue Code.

The opinion filed in Hayes Big Eagle effectively disposes of the companion issues in the instant case and that opinion is here adopted by reference for this purpose. Plaintiff Harry Red Eagle is entitled to recover. Mary Red Eagle did not exhaust her administrative remedies by filing a claim for refund, and, therefore, is not entitled to recover.